**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Stolze, <br><br>  Plaintiff, <br><br> v. <br><br> Commissioner of Social Security Administration, <br><br>  Defendant. | No. CV-16-01898-PHX-JAT <br><br> **ORDER** |

Pending before the Court is Plaintiff James Stolze's ("Plaintiff")[1] Motion for Attorneys' Fees. (Doc. 26). The Commissioner has responded. (Doc. 28). The Court now rules on the motion.

When Plaintiff first filed for disability insurance benefits, the Social Security Administration's ("SSA") Administrative Law Judge ("ALJ") rendered only a partially favorable decision on Plaintiff's claim. (Doc. 26 at 4). On appeal to this Court, Plaintiff and the Commissioner stipulated to a remand under sentence four of 42 U.S.C. § 405(g). (*Id.*). After the case returned to the SSA, the ALJ issued a fully favorable decision. (*Id.*).

The SSA has set aside 25 percent of the past-due benefits awarded, $11,462.25, for a potential attorneys' fee award. (*Id.*). The parties previously stipulated to a $2,933.01 award of attorneys' fees under the Equal Access to Justice Act ("EAJA"). (Doc. 24). The SSA has also approved a $7,390 fee for counsels' work at the administrative level. (Doc. 26 at 13 n.2). Plaintiff's counsel now seeks $4,072.25 under 42 U.S.C. § 406(b). (*Id.* at 2).

---

[1] Plaintiff is the widower of Cheryl R. Stolze. Because James substituted in as a plaintiff for Cheryl, the Court will use "Plaintiff" to refer to each of them.

A court entering judgment in favor of a social security claimant represented by counsel "may determine and allow as part of its judgment a *reasonable* fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b)(1)(A) (emphasis added). Although "[t]he statute does not specify how courts should determine whether a requested fee is reasonable," *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009), the Supreme Court has made clear that the first step is to respect "the primacy of lawful attorney-client fee agreements," *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). A court may take a downward departure from a requested fee award "if the attorney provided substandard representation or delayed the case, or if the requested fee would result in a windfall." *Crawford*, 586 F.3d at 1151. A court can also "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.* (citing *Gisbrecht*, 535 U.S. at 808). "Because the SSA has no direct interest" in how the award is apportioned between client and counsel, district courts must independently "assure that the reasonableness of the fee is established." *Id.* at 1149.

The $4,072.25 fee is reasonable under *Gisbrecht*. First, the fee agreement in this case provides that Plaintiff's counsels' fee shall equal 25 percent of the total amount of past-due benefits awarded—"the 'most common fee arrangement between attorneys and Social Security claimants.'" *Crawford*, 586 F.3d at 1147–48 (quoting *Gisbrecht*, 535 U.S. at 800). Second, nothing in the record indicates that Plaintiff's counsel exhibited substandard representation. Third, the requested fees will not result in a windfall. Dividing the requested fees by the 15.3 hours that counsel worked on the case before this Court nets an hourly rate of $266.16, which is well within the range of reasonability in Social Security cases. *Kellogg v. Astrue*, No. CV 09-00982-PHX-JAT, 2013 WL 5236638, at *2 (D. Ariz. Sept. 17, 2013) (collecting cases). Furthermore, when offset by the EAJA award, Plaintiff will ultimately pay only $1,139.24 in § 406(b) fees. Finally, although the Commissioner expressed some concern regarding the 40-month delay between the notice of award and the instant motion, that concern "abated" once Plaintiff's counsel informed the Commissioner

that the time it took to finalize attorneys' fees for representing Plaintiff before the SSA, *see* 42 U.S.C. § 406(a), accounts for this delay. (Doc. 28 at 3). The Court does not find this delay warrants reducing the requested fee any further.

Therefore,

IT IS ORDERED that Plaintiff's Motion for Attorneys' Fees (Doc. 26) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's counsel must refund the EAJA fee award to Plaintiff as the smaller of the two fee awards. *Gisbrecht*, 535 U.S. at 796.

Dated this 3rd day of June, 2020.

James A. Teilborg
Senior United States District Judge